IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:09-cv-540-FDW-DSC

| | |
|---|---|
| CRICKET COMMUNICATIONS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>World Link Wireless, Inc., a North Carolina Corporation,<br><br>Defendant. | **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Cricket Communications, Inc. ("Plaintiff" or "Cricket") filed its Complaint on December 22, 2009, against World Link Wireless, Inc. ("Defendant"). In the Complaint, Cricket alleges willful infringement of its trademark and trade name CRICKET under the Lanham Trademark Act of 1946, as amended, Title 15, United States Code, §§ 1051, *et seq*. (the "Lanham Act"), and that Defendant has engaged in unfair competition, deceptive acts and other unlawful practices under the Lanham Act and related state claims. Specifically, Cricket alleges that Defendant has intentionally sought to portray itself as an official Cricket dealer and to imply an association with Cricket in its marketing and advertising by maintaining prominent CRICKET branded displays and signs in its stores. Cricket also alleges that Defendant has engaged in the illicit sale and distribution of Cricket wireless products, and has fraudulently accepted payments intended to compensate Cricket for providing wireless communications services to its customers. Defendant was properly served with the Summons and Complaint on January 6, 2010. Defendant filed its Answer on February 2, 2010, and has denied the allegations as set forth by Cricket.

Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, for its prompt entry by the Court, and to each and every provision, order, and decree herein.

**NOW THEREFORE**, upon consent of the parties hereto, **IT IS ORDERED, ADJUDGED, AND DECREED**:

1. Plaintiff Cricket Communications, Inc. is a corporation organized under the laws of Delaware, with a business address at 5887 Copley Drive, San Diego, California 92111.

2. Defendant World Link Wireless, Inc., is a corporation organized under the laws of North Carolina, with a principal business address at 2536 S. Tyron Street, Charlotte, North Carolina 28203. Defendant also operates a World Link Wireless store on 2200-C Beatties Ford Road, Charlotte, North Carolina 28216.

3. This Court has personal jurisdiction over Defendant, based upon the fact that Defendant conducts business in this judicial district. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1338 (trademark and unfair competition), and § 1367 (supplemental jurisdiction).

4. Since March 1999 Cricket has continuously and extensively promoted, offered and sold its various telecommunications goods and services in interstate commerce under the CRICKET mark.

5. Cricket is the owner of the CRICKET trademark and logo for use in connection with various wireless telecommunications goods and services, and is the owner of federal trademark registration numbers 2,359,370, 2,363,821, 2,359,369, and 3,325,188 for the mark and logo (collectively, the "Cricket Mark").

6. By virtue of the long, continuous and exclusive use by Cricket of the Cricket

Mark, the extensive and costly national and international marketing efforts and repeated association of Cricket's goods and services with the Cricket Mark, the Cricket Mark has become widely recognized and/or distinctive in the United States.

7. As a result of Cricket's long and continuous use and promotion of the Cricket Mark in connection with its wireless telecommunications goods and services, the Cricket Mark has become distinctive of Cricket's goods and serves to identify such goods and services and to distinguish them from similar goods and services sold by others.

8. The Cricket Mark is a distinctive, valid, and protectable trademark of Cricket.

9. Cricket is the owner of common law rights throughout the United States in the trade dress of its green color scheme, which has been prominently displayed in its authorized retail stores, the advertising for its goods and services, and on its website at *mycricket.com*.

10. The green color scheme has become distinctive of Cricket's goods and services, and distinguishes Cricket's goods and services from those offered by others.

11. Defendant was an authorized Cricket dealer from January 2006 until January 1, 2009, when Cricket terminated Defendant's status a Cricket dealer. Defendant is not presently an authorized Cricket dealer. Cricket has not consented to any of Defendant's uses of its Cricket Mark or logo, nor has Cricket sponsored, endorsed or approved the services offered and promoted by Defendant. Nor is there any current affiliation between Cricket and Defendant.

12. Cricket alleges that without Cricket's authorization, Defendant has expressly and/or impliedly acted as an authorized Cricket dealer.

13. Cricket alleges that without Cricket's authorization, Defendant has accepted payments intended to compensate Cricket for wireless services it provides to its customers.

14. Cricket alleges that without Cricket's authorization, Defendant has sold and distributed CRICKET branded phones.

15. Cricket alleges that without Cricket's authorization, Defendant has activated phones on the Cricket wireless network.

16. Cricket alleges that without Cricket's authorization, Defendant has sold "re-flashed" and used phones to consumers and attempted to pass off these phones as authorized Cricket products.

17. Cricket alleges that without Cricket's authorization, Defendant has prominently displayed the Cricket Mark on signs, posters and displays in its World Link Wireless stores.

18. Cricket alleges that Defendant has used the Cricket Mark on goods and services in interstate commerce that are identical, or at least highly related, to Cricket's goods and services.

19. Cricket alleges that Defendant's unauthorized promotion and sales of its goods and services under the Cricket Mark are directed to consumers of Cricket's goods and services and are conducted through the same channels of trade, as used by Cricket, to promote and sell its goods and services.

20. Cricket alleges that Defendant's unauthorized use of the Cricket Mark and Defendant's marketing tactics, which have insinuated an affiliation with and/or endorsement by Cricket, are likely to cause confusion, deception and/or mistake in the marketplace, the relevant industry, and all channels of trade for Cricket's goods and related services.

21. Cricket alleges that Defendant's unauthorized use of the Cricket Mark on and in connection with its goods and services and Defendant's marketing tactics, which have insinuated an affiliation with and/or endorsement by Cricket, are likely to cause confusion, to cause

mistake, or to deceive customers and potential customers as to the source of Defendant's goods and services, as to an affiliation or connection between Cricket's goods and services and Defendant's goods and services, as to an affiliation or connection between Cricket and Defendant's goods and services, or as to Cricket's approval, endorsement, or sponsorship of Defendant's goods and services.

22. Cricket alleges that Defendant's use of the Cricket Mark on its goods and services is likely to cause consumers to believe that Cricket is the source of Defendant's goods and services or that Defendant's goods and services are sponsored by, affiliated with, or otherwise approved or endorsed by Cricket.

23. Cricket alleges that Defendant's use of the Cricket Mark on and in connection with its goods and services is likely to injure the business reputation of Cricket.

24. Defendant, together with all of its officers, agents, servants, employees, representatives, attorneys and assigns, and all other persons, firms, or companies in active concert or participation with it are permanently enjoined and restrained from directly or indirectly:

a. Using the Cricket Mark or any confusingly similar marks in any way or using any word, words, phrases, symbols, logos, or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception therewith, in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of goods and/or services in commerce;

b. Maintaining any materials in its possession or under its control that contain infringements of, or things likely to cause confusion with, the Cricket Mark and Cricket's green color trade dress;

c. Unfairly competing with Cricket in any manner whatsoever;

d. Doing any other act likely to induce the mistaken belief that Defendant or its goods or services or commercial activities are in any way affiliated, connected, or associated with Cricket or its goods or services, including but not limited to: activating or reflashing phones on the Cricket wireless network; accepting payments for Cricket wireless services; advertising, stating, or implying in any way that Defendant is authorized by Cricket to accept payments for Cricket wireless services; and selling and distributing CRICKET branded phones.

e. Causing likelihood of confusion, injury to Cricket's business reputation, or dilution of the distinctiveness of the Cricket Mark or related symbols, labels, or forms of advertisement;

f. Committing trademark infringement, trade dress infringement (through use of a similar green color scheme), trademark dilution, false advertising, false designation of origin, false descriptions, unfair competition, and/or interference with prospective economic advantage and/or any other act or making any other statement that infringes or dilutes Cricket's trademarks or trade dress or constitutes an act of infringement, dilution, unfair competition, untrue and misleading advertising, and/or interference with prospective economic advantage, under federal law and/or the laws of the state of North Carolina; and

g. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) through (f).

25. In the event Defendant breaches any term of this Consent Judgment and Permanent Injunction, or otherwise infringes or dilutes Cricket's trademark or trade dress rights, Cricket shall be entitled to injunctive relief, damages, and profits, and Defendant shall pay

Cricket's attorneys' fees and costs incurred as a result of such infringement, dilution, and/or breach, including investigative costs incurred in the discovery of such infringement, dilution, and/or breach.

26. Defendant agrees that this Court shall have personal jurisdiction over it in any dispute involving this Consent Judgment and Permanent Injunction and any future violation of Cricket's trademark or trade dress rights.

27. The Permanent Injunction shall remain in full force and effect until modified by order of this Court.

28. The parties shall bear their own fees and costs for this action.

**IT IS SO ORDERED.**

Signed: May 27, 2010

Frank D. Whitney
United States District Judge

## CONSENT TO ENTRY

The parties hereby consent to the terms and conditions of this Consent Judgment and Permanent Injunction as set forth herein and consent to entry thereof.

This the 14th day of April, 2010.

| | |
|---|---|
| s/ Jonathan P. Spence | s/ J. Jerome Miller |
| Jonathan P. Spence | J. Jerome Miller |
| NC Bar Number 28093 | NC Bar Number 6767 |
| ADAMS INTELLECTUAL PROPERTY LAW | MILLER & MILLER |
| Suite 2350 Charlotte Plaza | Attorneys at Law |
| 201 S. College Street | 319 S. Sharon Amity, Suite 350 |
| Charlotte, NC 28244 | Charlotte, NC 28211 |
| Tel: (704) 375-9249 | Tel: (704) 366-9129 |
| Fax: (704) 375-0729 | Fax: (704) 366-2686 |
| jps@adamspat.com | jerry@millerlawcharlotte.com |

**OF COUNSEL:**

Lisa M. Martens
martens@fr.com
Andrew M. Abrams
abrams@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

W. Thad Adams, III
NC Bar No. 00020
Jonathan P. Spence
NC Bar No. 28093
ADAMS INTELLECTUAL PROPERTY LAW
Suite 2350 Charlotte Plaza
201 S. College Street
Charlotte, NC 28244
Tel: (704) 375-9249
Fax: (704) 375-0729
Email: litigation@adamspat.com

Attorneys for Plaintiff
CRICKET COMMUNICATIONS, INC.